23-6416-pr
Ballard v. Dutton

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand twenty-four.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

-----------------------------------------------------------------

ANTONIO T. BALLARD,

*Plaintiff-Appellee*,

v.                                                    No. 23-6416-pr

L DUTTON, LIEUTENANT,

*Defendant-Appellant*.

-----------------------------------------------------------------

FOR DEFENDANT-APPELLANT:    CASEN B. ROSS, Civil Division, Appellate Staff, United States Department of Justice, Washington, DC (Brian M. Boynton, Barbara L. Herwig, Laura E. Myron, Department of Justice; Carla B. Freedman, United States Attorney for the Northern District of New York, *on the brief*)

FOR PLAINTIFF-APPELLEE:    GREGORY CUI (Devi M. Rao, *on the brief*), Roderick & Solange MacArthur Justice Center, Washington, DC

Appeal from an order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is REVERSED and the case is REMANDED with instructions to dismiss the complaint.

Defendant Lucas Dutton appeals from an order of the United States District Court for the Northern District of New York (Kahn, *J.*) denying his motion to dismiss Antonio Ballard's Eighth Amendment failure-to-protect claim brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  On interlocutory appeal, Dutton argues that the

2

District Court erred in holding that *Bivens* provides a cause of action for Ballard's claim and in denying Dutton qualified immunity. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to reverse.

Proceeding *pro se*, Ballard sued Dutton, a lieutenant at the Federal Correctional Institution, Ray Brook ("FCI Ray Brook"), for failing to protect him from an assault by another inmate. Shortly after Ballard arrived at FCI Ray Brook, and after alerting authorities that he had been assaulted at previous correctional facilities, several inmates threatened to assault him because he was a convicted sex offender. A few weeks later, on August 29, 2021, Ballard met with Dutton to request protective custody because of these threats. Dutton denied his request. Later that day, after returning to the general population housing unit, Ballard was assaulted by one of the inmates who had threatened him.

The District Court concluded that Ballard could seek a *Bivens* remedy for his failure-to-protect claim and that Dutton was not entitled to qualified immunity at this stage of litigation. On *de novo* review, *see Benzman v. Whitman*, 523 F.3d 119, 125 (2d Cir. 2008), we conclude that Ballard has no *Bivens* remedy

3

under the circumstances of this case and that the District Court therefore erred in denying Dutton's motion to dismiss.[1]

*Bivens* provides a cause of action for damages against federal officials for a limited set of constitutional torts. *See Egbert v. Boule*, 596 U.S. 482, 490–91 (2022). The Supreme Court has expressly recognized only three contexts in which a *Bivens* remedy is available: unreasonable search and seizure by federal officials in violation of the Fourth Amendment, *Bivens*, 403 U.S. 388; gender-based employment discrimination by a United States Congressman in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and federal prison officials' deliberate indifference to an inmate's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017). Since *Carlson*, however, the Supreme Court has repeatedly declined to extend *Bivens*, warning that "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert*, 596 U.S. at 491 (quoting *Abbasi*, 582 U.S. at 135).

---

[1] We have appellate jurisdiction to review Dutton's *Bivens* argument on interlocutory appeal under *Wilkie v. Robbins*, 551 U.S. 537, 549 n.4 (2007). Because we resolve this case on *Bivens* grounds, we need not address Dutton's argument that he is entitled to qualified immunity.

Before recognizing a *Bivens* cause of action here, we first ask whether Ballard's claim "is different in a meaningful way from previous *Bivens* cases" and therefore "presents a new *Bivens* context." *Abbasi*, 582 U.S. at 139. A case may be meaningfully different if it involves, among other things, "the presence of potential special factors that previous *Bivens* cases did not consider." *Id.* at 139–40. If the case presents a new *Bivens* context, we then determine "whether there are any special factors that counsel hesitation about granting the extension." *Hernández v. Mesa*, 589 U.S. 93, 102 (2020) (cleaned up). This includes whether Congress has provided an "alternative remedial structure" for the alleged wrong. *Abbasi*, 582 U.S. at 137. Ultimately, this analysis "resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492.

While we are sympathetic to Ballard's claim, we conclude that Congress is better equipped to create a damages remedy here. Ballard's Eighth Amendment failure-to-protect claim is meaningfully different from the Eighth Amendment claim in *Carlson* and therefore "presents a new *Bivens* context." *Abbasi*, 582 U.S. at 139; *see also Hernández*, 589 U.S. at 103 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in

which a damages remedy was previously recognized."). Special factors not present in prior *Bivens* cases distinguish Ballard's claim and "counsel hesitation about" extending *Bivens* to it. *Hernández*, 589 U.S. at 102 (cleaned up). Most importantly, the Executive branch, through the Bureau of Prisons, provides an administrative grievance process for inmates to lodge complaints about their confinement. *See* Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); *see also* 28 C.F.R. § 542.10. This grievance process, which did not exist at the time *Carlson* was decided, is the type of "alternative remedial structure[]" that prevents us from fashioning a *Bivens* cause of action here. *See Egbert*, 596 U.S. at 493 ("If there are alternative remedial structures in place, that alone . . . is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." (quotation marks omitted)). We are therefore compelled to conclude that Ballard has no *Bivens* cause of action.

Urging a contrary conclusion, Ballard insists that the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994), recognized a *Bivens* cause of action for Eighth Amendment failure-to-protect claims, and accordingly, that his claim does not present a new context. In *Farmer*, the Supreme Court noted that the plaintiff had brought a *Bivens* claim. *Id.* at 830. Without discussing whether

6

*Bivens* supplied a cause of action, however, the Court proceeded to analyze the merits of the claim. *See id.* at 832. The Supreme Court could reach the merits of the claim, Ballard argues, only if it concluded that the plaintiff had a *Bivens* cause of action.

On its face, this argument contradicts the Supreme Court's repeated observation that the *only* three cases in which it has recognized a *Bivens* remedy are *Bivens* itself, *Davis*, and *Carlson*. *See, e.g.*, *Abbasi*, 582 U.S. at 131; *Hernández*, 589 U.S. at 99; *Egbert*, 596 U.S. at 490–91. Ballard suggests, however, that there is no real contradiction. In Ballard's view, *Farmer* may have been excluded from that list because the Supreme Court did not view it as distinct from the claim in *Carlson*. But we need not, and therefore do not, decide whether *Farmer* assumed, recognized, or otherwise presented a variation of an already recognized *Bivens* claim. As noted, the existence of the PLRA's grievance process, an alternative remedial structure established *after Farmer* was decided, is a "special factor[] that previous *Bivens* cases" — including, *arguendo*, *Farmer* — "did not consider" and constitutes the type of meaningful difference that, in any event, counsels against

extending *Bivens* to the case at hand.  *Abbasi*, 582 U.S. at 140.

For the foregoing reasons, the order of the District Court is REVERSED

and the case is REMANDED with instructions to dismiss the complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8